LORAIN COUNTY BAR ASSOCIATION *v.* PINCURA.

[Cite as *Lorain Cty. Bar Assn. v. Pincura* (1999), 85 Ohio St.3d 296.]

(No. 98–2683—Submitted February 10, 1999—Decided March 31, 1999.)

*Fauver, Tattersall & Gallagher* and *John L. Keyse–Walker,* for relator.

*Charles W. Kettlewell,* for respondent.

**Per Curiam.** We adopt the findings and conclusions of the board. In determining the appropriate sanction, we find that respondent's violation of DR

7–101(A)(2) constituted an isolated act in a lengthy legal career and that respondent fully and promptly cooperated in the disciplinary proceeding. We find further that respondent expressed genuine remorse for his actions, and that there was no evidence of quantifiable harm to his client. Based on the foregoing, we agree with the parties and the board that a public reprimand is the appropriate sanction. See *Stark Cty. Bar Assn. v. Tscholl* (1991), 57 Ohio St.3d 211, 567 N.E.2d 265 (public reprimand for attorney found guilty of neglecting an entrusted legal matter where misconduct was isolated act in an otherwise unblemished legal career, client did not suffer any permanent loss, attorney expressed remorse, and he fully cooperated in disciplinary investigation); see, also, *Disciplinary Counsel v. Eisenberg* (1998), 81 Ohio St.3d 295, 690 N.E.2d 1282; *Cincinnati Bar Assn. v. Holtmeier* (1991), 60 Ohio St.3d 50, 572 N.E.2d 683 (isolated misconduct that included violation of DR 7–101[A][2] warranted public reprimand). Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.